UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julia TERYAEVA-REED,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>Christopher LAROSE,<br><br>　　　　　　　　　Respondent. | Case No.: 25-cv-2219-AGS-JLB<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF 12), DENYING MOTION TO APPOINT COUNSEL (ECF 11), RESETTING HEARING, AND DENYING RESPONDENTS' REQUEST TO VACATE HEARING (ECF 19) AS MOOT** |

　　　The habeas petitioner here, who is in immigration detention, seeks a temporary restraining order and an order appointing counsel. Both requests are denied.

## BACKGROUND

　　　Petitioner Julia Teryaeva-Reed was a lawful permanent resident who was "convicted of wire fraud and arson charges" and "sentenced to" "162 months of imprisonment." (ECF 1, at 11.) She was released directly to ICE custody on "March 18th, 2025." (*Id.*) "On April 21st, 2025," Teryaeva-Reed received a final "order of removal" to her "country of origin, Ukraine," and "waived her right to appeal." (*Id.* at 12.) To date, ICE has not successfully removed her. So Teryaeva-Reed sought her court-ordered release by applying for a writ of habeas corpus under 28 U.S.C. § 2241. (*See generally id.*) Since the filing of her habeas petition, ICE has "obtained a travel document" for her and "intends to remove" her "to Ukraine no later than November 24, 2025." (ECF 16, at 2.)

## DISCUSSION

　　　Teryaeva-Reed moves for emergency injunctive relief and for appointed counsel.

**A.　Motion for Temporary Restraining Order**

　　　A temporary restraining order, like all injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Teryaeva-Reed must

clearly demonstrate that: (1) she "is likely to succeed on the merits"; (2) she "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [her] favor"; and (4) "an injunction is in the public interest." *See id.* at 20; *see also Synopsys, Inc. v. AzurEngine Techs.*, 401 F. Supp. 3d 1068, 1072 (S.D. Cal. 2019) ("The standard for obtaining a temporary restraining order is identical to the standard for obtaining a preliminary injunction, with the primary difference being [timing]."). But Teryaeva-Reed cannot show the "most important" factor—likelihood of success—which dooms her request. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). "Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." *Id.* (cleaned up).

Teryaeva-Reed argues that her release is required under 8 U.S.C. § 1231 and the Supreme Court's opinion in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See* ECF 1, at 14–15.) She reasons that she must be released because: the 90-day mandatory-detention "removal period" of § 1231(a) expired in July; "there is no likelihood of her removal in the reasonably foreseeable future due to war in Ukraine"; and "there is no statutory authority or Executive Order authorizing her further detention." (*Id.* at 16.)

But she misunderstands both the statutory context of her confinement and *Zadvydas*'s import. Once a final order of removal has been issued, the "Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A), (B)(i). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). But there is another provision, the so-called "post-removal-period detention statute," that permits certain individuals to "'be detained beyond the removal period.'" *Zadvydas*, 533 U.S. at 688–89 (quoting 8 U.S.C. § 1231(a)(6)). Notably, that other statute covers people, like Teryaeva-Reed, who have been found removable on account of criminal convictions, as set out in section "1227(a)(2)." *See* 8 U.S.C. § 1231(a)(6); (ECF 5-1, at 2 (petitioner was charged as being removable "under 8 U.S.C. § 1227(a)(2)(A)(ii)")). So, contrary to

Teryaeva-Reed's arguments, her continued detention past the initial 90-day removal period is statutorily authorized.

But the *Zadvydas* Court recognized that the post-removal-period detention statute didn't include a limit on that authority and that interpreting it "to authorize indefinite, perhaps permanent, detention" would create a "serious constitutional threat." 533 U.S. at 699. To avoid such constitutional perils, the Court held that, after a "6-month period" of presumptively reasonable detention, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Yet "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In the light most favorable to Teryaeva-Reed, she has now been in immigration custody slightly longer than *Zadvydas*'s presumptively reasonable limit of six months. (*See* ECF 1, at 12 (alleging her "order of removal became final" on "April 21st, 2025").) But the record makes clear that there is, in fact, a significant likelihood of removal in the reasonably foreseeable future. After all, ICE now has a travel document and an intended removal date for her later this month. (*See* ECF 14.) It's possible something might go awry with those plans that derail her removal. Or ICE may have been inaccurate or incomplete in its reporting to the Court. But the facts, as they currently stand, establish a significant likelihood of removal in the reasonably foreseeable future. *See Kazakov v. ICE Field Off. Dir.*, No. 2:24-cv-00774-RSL-TLF, 2024 WL 4268074, at *3 (W.D. Wash. Sept. 5, 2024) (denying a habeas corpus petition entirely, despite petitioner's argument "that procurement of his travel document" was "problematic," because it remained "reasonably foreseeable" that he would be removed), *report and recommendation adopted*, No. 2:24-cv-00774-RSL-

TLF, 2024 WL 4266668 (W.D. Wash. Sept. 23, 2024). Without more, the Court cannot grant the extraordinary remedy of injunctive relief.

## B.     Motion for Appointed Counsel

Next, Teryaeva-Reed requests "an order appointing counsel as required under Rule 23(g) for class certification and authorized under 28 U.S.C. § 1915(e)(1)." (ECF 11, at 1.) But Rule 23(g) is only applicable to class-action complaints. The habeas petition in this case does not include any class allegations. (*See generally* ECF 1.) Nor could it. As a pro se litigant, Teryaeva-Reed "may not serve as the representative of a class in a class action lawsuit under Fed. R. Civ. P. 23." *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019); *accord Ignacio v. Dudek*, No. 23-2872, 2025 WL 878981, at *1 (9th Cir. Mar. 21, 2025) ("The district court properly denied Ignacio's request to bring a class action because, as a pro se litigant, Ignacio has no authority to represent anyone other than himself.").

That leaves her request under 28 U.S.C. § 1915(e)(1), which grants the court the authority to "request an attorney to represent any person unable to afford counsel." But that provision, which is in the code section authorizing *in forma pauperis* proceedings, is not applicable either. First, Teryaeva-Reed is not proceeding IFP. Second, and more importantly, she has not even attempted to satisfy that statute's requirement that she demonstrate she is "unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1).

Still, the Court has authority under a different provision to appoint an attorney for an "impoverished habeas petitioner" when "the interests of justice so require." *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (cleaned up); *see also* 18 U.S.C. § 3006A(a)(2)(B). Once a threshold showing of "financial eligibility" is made, courts exercise this authority based on a petitioner's (a) "likelihood of success on the merits" and (b) "ability . . . to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Again, with no showing of indigency, Teryaeva-Reed hasn't gotten off the starting blocks. But the rest of the analysis is grim, too. As already set out above, she has not shown

a likelihood of success. So even if she financially qualified, this case does not yet warrant the appointment of counsel.

## CONCLUSION

The motions for a temporary restraining order and for appointed counsel are **DENIED**. Based on the Court's schedule, the upcoming hearing is reset to **December 2, 2025, at 1:00 p.m.** Respondents' counsel must coordinate with petitioner, her custodians, and this Court's courtroom deputy to permit petitioner to participate at that hearing by videoconference, or if videoconferencing is unavailable, by telephone. Respondents' motion to vacate the previously scheduled November hearing date is **DENIED as moot**.

Dated:  November 13, 2025

_____
Hon. Andrew G. Schopler
United States District Judge